IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
2012 JAN -3 PM 3:09
CLERK
SO. DIST. OF GA.

| | |
|---|---|
| DAVIS TATE, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO.: CV611-127 |
| BRUCE CHATMAN, Warden, GSP; Security Warden UNDERWOOD; Deputy Warden HAWKINS; Unit Manager BREWTON; Lt. BOYETT; Officer WRIGHT; and Officer LEWIS, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that he was assaulted in 1999 while he was housed at Georgia State Prison ("GSP") and wants to be transferred to another facility. According to Plaintiff, his safety is at risk while he is being housed at GSP based on the assault which occurred more than 12 years ago.

"Inmates do not have a constitutional right to be housed at one facility or another." Sanderson v. Owens, No. CV310-40, 2010 WL 3292661, at *4 (S.D. Ga. July 29, 2010) (citing Meachum v. Fano, 427 U.S. 215, 224-25 (1976)). Thus, Plaintiff fails to state a viable claim regarding his desire to be transferred to another facility.

In addition, Plaintiff names[1] as Defendants Warden Bruce Chatman; Chairman, Classification at GSP; Unit Manager Brewton; and Lieutenant Boyett. Plaintiff makes no factual allegations in his Complaint against the named Defendants. A plaintiff must set

---

[1] Plaintiff names individuals employed at Baldwin State Prison in Hardwick, Georgia. Should Plaintiff wish to pursue any claims against these individuals, the Middle District of Georgia would be the proper district in which to file that desired cause of action.

2

forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to make any factual allegations against Defendants Chatman, Chairman, Brewton, and Boyett, his Complaint should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** due to Plaintiff's failure to state a claim on which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 3rd day of January, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE